On the third day of the term, the Chief Justice (after observing that the Court, having agreed that this action was not maintainable against the present defendant, had not thought it necessary to give any opinion as to the defects suggested to be in the declaration) delivered the unanimous opinion of the Court as follows:
[ *516 ] * When the sheriff seizes the goods of a debtor on an *463 execution, to make money of them, to satisfy the creditor, he has a special property in the goods; and if they are taken from him, he may maintain trover or trespass against the wrongdoer. The reason of the law is, because he is accountable to the judgment creditor for a sum of money equal to the value of the goods; and it would be unjust if he could not indemnify himself, by the recovery of damages, for the wrongful taking. But tl e creditor has no interest or property in, or possession of, the goods by reason of the levy, and can maintain no action against the wrongdoer in his own name, his only remedy being against the sheriff. If the goods of the debtor thus levied are replevied by any other person claiming them, the sheriff is entitled to a judgment for a return, and damages equal to six per cent, on the penalty of the replevin bond; and the goods, being returned, shall be holden responsible by the sheriff for twenty days. The damages thus recovered are also for the use of the creditor. This provision, when the goods are taken from the sheriff by replevin, is made by the statute of June 25, 1789.
At common law the sheriff, notwithstanding the goods were taken from him by replevin, is obliged to return his execution, with the value of the goods seized thereon, and that they have been replevied at the suit of the plaintiff in replevin; and on the return of the goods, he might have sold them, in consequence of the property he acquired in them by the first seizure, and with the money satisfied the creditor’s judgment, or indemnified himself, if he had been compelled to pay the debt; or, if the retorno habendo was returned unsatisfied, he might obtain indemnity by action on the replevin bond ; or, if the pledges were insufficient, by suit against the coroner. This we consider as the common law here, because the late statute admits that a stranger to the execution may replevy goods seized by virtue of it.
It may be a question whether the return to the sheriff, and his holding them responsible twenty days, will be any bar to an action by the plaintiff against him, or whether it be the intent of the statute to give to the judgment creditor, a cumulative remedy. * But it is very clear that when, after judgment [ *517 ] for a return, no return be had, the judgment creditor may have his remedy against the sheriff, who may seek his indemnity against the pledges, or, if they be insufficient, against the coroner. Any negligence or misfeasance of the coroner in the service of the writ of replevin, is a tort to the sheriff, who is the defendant n that writ and who alone can demand damages of the coroner. Otherwise, the coroner might be twice charged; for there seems to be no ground for determining that a judgment bv the creditor *464 against the coroner for misfeasance in executing the writ against the sheriff, and to which the creditor is not a party or privy, would be a bar to an action by the sheriff against the coroner. And it is very clear that the creditor can maintain no action on the replevin bond in his own name, it being given to the sheriff. If, therefore, the pledges are insufficient, the injury is done to the sheriff, who alone can maintain the action on the bond, and not to the creditor, who cannot put it in suit.
In thus far considering the law as applying to this case, we have supposed the goods to be seized in execution ; for to a case of this kind we have authorities to guide us. In the case at bar, the goods were the original defendant’s, and were attached on the original writ, at the suit of the plaintiff, Ladd. But, from analogy, the law must be the same in this case as where the goods are seized on execution. (a) In the latter case, the general property is in abeyance, and the special property is in the sheriff, who is answerable for the value to the creditor, whether taken from him tortiously or by replevin — unless, when replevied, it may be supposed that, if he receive them on a retorno habendo, and hold them twenty days, he is discharged from the plaintiff. This special property is defeasible by the defendant’s paying the execution in money before the sale of the goods.
If the goods are attached on original process, the special property is in the sheriff, (the general property being in abeyance,) defeasible by the plaintiff’s failing in his action, or by his not suing out his execution within thirty days after judgment, or [*518] *by the defendant’s satisfying the judgment before sale of the goods. If the goods are taken from the sheriff tortiously, or by replevin, still he is answerable to the plaintiff for the value, unless in replevin he should hold them after return for twenty or thirty days, as the case may be, after judgment. Whether, by the sheriff’s thus holding them after a return, the plaintiff would be barred in his action against him, it is not necessary to give any opinion. There is, however, a material difference between a return to the sheriff claiming a special property by attachment, and when he claims a special property by seizure on execution. In the latter case he may sell by virtue of the seizure ; in the former case he cannot sell, until he seize them afterwards on execution.
In the case at bar, there does not appear to have been any return on the judgment in replevin. The plaintiff may therefore have his *465 remedy against the sheriff; and the sheriff may have an indemnity either against the pledges, or against the coroner, if they, through his default, are insufficient, or against him for any other misfeasance in serving the writ, by which a damage has accrued to the sheriff. The plaintiff therefore having no cause of action against the coroner for his misfeasance, the judgment must be arrested. (a)
The Solicitor-General and Perley for the plaintiff.
Mellen for the defendant.

 Pike vs. Huckins, 1 Mass. Rep. 421. — Buffington & Al. vs. Curtis & Al. 15 Mass. Rep. 528.

 Ludden vs. Leavitt, 9 Mass. Rep. 104. — Perley vs. Foster, Ibid. 112.— Warren vs. Leland, Ibid. 265. — Gibbs vs. Chase, 10 Mass. Rep. 165. — Gates vs. Gates, 15 Mass. Rep. 310. — Brownell vs. Manchester & Al. 1 Pick. 232.