Sew all, J.,
delivered the opinion of the Court.
By the pleadings in this case, the general property of the horse replevied is agreed to be in Frederick Perley. Amos Perley, the plaintiff in replevin, claims only a possession obtained under an attachment made in his suit against Frederick Perb.v, by the confidence of the officer who made the attachment. The defendant in replevin is also a deputy sheriff, who attached the same horse as Frederick Perley’s, at the suit of one Walker.
*108 There have been precedents of contests between deputy sheriffs for. property attached, where this Court have proceeded ■ to decide upon their relative claims. We are inclined to the opinion, however, that there is very little occasion for actions of that kind, and that there is no technical propriety in them. For in such cases, the dispute is, in effect, between the servants of the same master, by which of them property, for which their principal is accountable, shall be retained; and it may be that the sheriff will have again to answer to one or both of the attaching creditors, and to settle again the question, which attachment of the two, upon the authority of which the deputies have been disputing, had been regularly conducted, and by which attachment the best title had been acquired. (1)
It is certainly against the policy of the common law, as understood in English practice, that suits between such parties, claiming by no distinct rights, can be maintained; and it is obviohs that the sheriff can always, on suitable * application, adjust the controversy in a manner td secure the just rights of each attaching creditor; or the right of him who is best entitled, where the claim of one is inconsistent with that of the other. And it is sufficient for him who has the right that, as to all the purposes of the process, the sheriff determines and proceeds at his own peril; and this, indeed, as well when the question arises between two deputies, as when the sheriff settles the question for himself, and respecting two precepts in his own hands to be executed. And, in both cases, where any real difficulty occurs, the sheriff may require an indemnity from the creditor in whose favor he proceeds.
In the case at bar, it appears not improbable, upon the facts stated in the pleadings, that Amos Perley’s possession was gained under the best title, or by the previous attachment, which has since been pursued to a regular judgment. But this mere possession is not a sufficient title in replevin. (2) The general property of the horse continued in Frederick Perley at the time of the replevin ; or rather was in abeyance, he having no remedy for it, while either of the attachments continued in force. 'If the first attaching officer had the special property, gained by virtue of his attachment, he ought to have brought the action which, according to the practice qnd decisions before alluded to, might have been maintained by him; but the present plaintiff in replevin had ño right of property, general or *109 special; and he cannot maintain this action upon a mere possession, even if he has been tortiously disturbed. (a)

Rejoinder adjudged good.

 Doug. 40. — Achworth vs. Kempe. — 2 D. & E. 156. — Woodgate vs. Knatchbull, 1 Mass. Rep. 530. — Grinnel vs. Phillips.

 Co. Lit. 145, b. — 2 Mass. Rep. 514, Ladd vs. North

 [Vide Ludden vs. Leavitt. ante. 104. — Knapp vs. Sprague, post, 258. — Ed].