## ALBERT SMITH *vs.* DEXTER E. WADLEIGH & *al.*

Where goods, attached by a deputy of the marshal of the district, are left in the hands of receipters, who give their written promise to deliver the property on demand, to any officer authorized to receive the same; an action for a breach of such contract, may be maintained, by the marshal, in his own name.

THE action was assumpsit on a receipt for a quantity of board logs, attached by *Jonathan Burr*, a deputy of the plaintiff, then *United States* marshal for the *Maine* district, as the property of *William Lewis*, on a writ against him. The receipt was signed by *Wadleigh, Bigelow, Brown*, and *Lewis*, by which they agreed to keep the property "free of expense, and deliver the same, on demand, to any officer authorized to receive the same, in like good order as when seized." The execution was duly issued and delivered to the plaintiff, then marshal, within thirty days from the day on which judgment was rendered in the action. The property was demanded by the plaintiff, within thirty days from the rendition of

judgment. The circumstances attending the demand, are stated in the opinion of the Court.

At the trial before EMERY J., the defendants objected, that no action could be maintained on the receipt, in the name of the plaintiff, but only in the name of *Jonathan Burr*, and moved that the plaintiff be nonsuited. The Judge ruled, that the action was properly brought in the name of the plaintiff, and declined to direct a nonsuit. The defendants then requested the Judge to direct the jury, that if they believed that *Brown*, one of the defendants, told the plaintiff that the property, mentioned in the paper, was in the same place where it was when attached, and requested him to take it, and he believed the property was in fact there, the plaintiff had no right to rest satisfied with the answer afterwards given by *Wadleigh*, but it was his duty, in order to maintain his action against *Brown*, to ascertain, that the property was not in the place where it was when attached, and where *Brown* described it to be. The Judge declined giving this instruction, but instructed the jury, to consider the whole evidence in the case, and that from it they would decide, whether all the property attached was within the power of the plaintiff to obtain on his demand of it; that he was not obliged to accept a part of it only; and that from what he was informed by one of the receipters, he had a right to believe he could not obtain the whole, and that it was the duty of the receipters to deliver it to him.

A verdict was returned for the plaintiff, and the defendants filed exceptions.

*W. P. Fessenden*, argued for the defendants, citing 1 *Com. Dig.* 309, *Day's Ed., note by Day*; and *Knap* v. *Sprague*, 9 *Mass. R.* 258.

*Fessenden & Deblois*, argued for the plaintiff, and cited *Watson* v. *Todd*, 5 *Mass. R.* 271; *Grinnell* v. *Phillips*, 1 *Mass. R.* 530; *Quincy* v. *Hall*, 1 *Pick.* 357; *Baker* v. *Fuller*, 21 *Pick.* 318; *Waterman* v. *Robinson*, 5 *Mass. R.* 303; 1 *Com. on Con.* 26; *Cabot* v. *Haskins*, 3 *Pick.* 83; *Felton* v. *Dickerson*, 10 *Mass. R.* 287; 1 *B. & P.* 102; 3 *B. & P.* 149; *Watson* v. *Cambridge*, 15 *Mass. R.* 286; *Arnold* v. *Lyman*, 17 *Mass. R.* 400; 3 *Cranch*, 492; *Schermerhorn* v. *Vanderheyden*, 1 *Johns. R.*

140; *Lent* v. *Padelford,* 10 *Mass. R.* 230; *Hinkley* v. *Fowler,* 3 *Shepl.* 285; *Bradbury* v. *Taylor,* 8 *Greenl.* 130; *Holbrook* v. *Holbrook,* 3 *Shepl.* 9; *Quincy* v. *Tilton,* 5 *Greenl.* 297; *Cobb* v. *Haskell,* 2 *Shepl.* 303; *Jenney* v. *Rodman,* 16 *Mass. R.* 464; *Jewett* v. *Warren,* 12 *Mass.* R. 300.

The opinion of the Court was drawn up by

WESTON C. J. — The direct promise made by the defendants, upon the receipt of the property attached, was, to re-deliver it to any officer, authorized to receive it. The plaintiff, at the time of the demand proved in the case, was the officer entitled to receive the property; and brings himself, therefore, within the express terms of the contract.

But it is insisted, that the consideration for the promise, moved from *Burr,* the deputy marshal; and that he is the promisee named. The defendants made the promise to him in his official capacity. They received the property from him in the same capacity; and their whole engagement is based upon proceedings, in which *Burr* acted as the plaintiff's deputy. That deputy sheriffs are the servants of the sheriff, and that he may interfere, and control all attachments, where disputes arise, is declared by the Court, in *Perley* v. *Foster,* 9 *Mass. R.* 112. And by the same case it was held, that the receipter was the mere keeper for the officer, in whom the special property continued. In *Watson et al.* v. *Todd et al.,* 5 *Mass. R.* 271, *Parsons C. J.* says, that deputies "are all servants of the sheriff, and the possession of any deputy, by virtue of an attachment, is the possession of the sheriff."

In legal contemplation, then, the defendants received the property of the marshal, through his servant and deputy, *Burr;* and the contract, in its legal effect, becomes available to the marshal, if he elects to prosecute in his own name. It constitutes no legal objection to this course of proceeding, that the deputy might also have maintained the action. Cases are not uncommon, where an action may be brought, either by the party, legally or beneficially interested, or by him, to whom a promise is directly made. *Arnold et al.* v. *Lyman,* 17 *Mass. R.* 400.

This point has been directly decided, upon full consideration, in

*Davis* v. *Miller,* 1 *Vermont R.* 9. The Court there held, that the sheriff, as the principal and superior of the department, may acquire rights, growing out of other transactions than the performance of acts strictly official. And that, " in the common case of a bailment, by a deputy sheriff, of property attached by him, to a person knowing the situation of the property, and undertaking merely to restore it on demand, the sheriff may claim to have made the bailment himself, through the medium of his servant," and may maintain an action thereon, in his own name. And in *Baker* v. *Fuller,* 21 *Pick.* 319, the plaintiff, as sheriff, sustained an action against the defendant, as receipter of property, attached and delivered to him by a deputy of the plaintiff. That case is not distinguishable, in principle, from the one before us.

We are of opinion, that the objection taken to the maintenance of the action, in the name of the plaintiff, is not legally sustained.

A demand upon one of the receipters, might have been sufficient. *Holbrook et al.* v. *Holbrook,* 15 *Maine R.* 9. But here a demand was made upon all. It thereupon became their duty to have re-delivered the property attached, according to their contract. What was said by *Brown,* did not amount to this. The other defendants, when the property was demanded, at the place where it was attached, neither re-delivered it, nor made any offer or movement to do so; but *Wadleigh,* one of them, in the presence of the others, declared that they had disposed of it. The facts in the case fully warrant the instructions of the Judge, and the finding of the jury.

*Judgment on the verdict.*