JOSIAH SMALL *versus* MOSES HUTCHINS, JR.

The general owner of property in the hands of a bailee, may maintain replevin against an officer, who, having attached the same as the property of the bailee, puts it in the hand of a receipter, by whom it is suffered to go back into the hands of the bailee — the attachment being not thereby dissolved.

But if the attachment be dissolved by the neglect of the officer to seize the goods attached within thirty days after the rendition of judgment, the property being actually in the hands of the bailee of the plaintiff, the constructive possession of the officer would be gone, and that, as well as the actual possession, would revert to the plaintiff — in which case, replevin could not be supported.

THIS was an action of replevin, for a horse, gig, and harness.   The writ was dated November 22d, 1838.   The plea was the general issue, *non cepit*.   The plaintiff proved that the defendant attached the property in question, as coroner, on a writ, in a suit, *Levi Folsom* v. *Jonathan Small*, Aug. 21, 1838, and took a receipt from Dexter B. Moore for the same property.   He also proved that judgment was rendered in the suit, *Folsom* v. *Small*, aforesaid, Oct. 12, 1838, and execution issued same day.   It also appeared, that the defendant demanded the property of the receipter aforesaid, before the expiration of thirty days after the rendition of the judgment aforesaid, in said suit of *Folsom* v. *Small*; and that the re-

ceipter told the defendant that he would show it to him (defendant) ; and that the defendant said it might remain where it was, and that he was going to sell it.

It was also proved, that Jonathan Small was brother of the plaintiff, Josiah Small; and that the property in question belonged to said Josiah, he having purchased the same from said Jonathan about one year before the attachment aforesaid. It was also proved that the same property was suffered by the plaintiff to remain in Jonathan's keeping and possession, at Lovel, where it was attached, from the time of the purchase aforesaid until the attachment; and that it was never removed from his keeping, but has ever remained with him, in the same manner as before the attachment; that Jonathan Small was a physician, and that he had the horse, gig, and harness, of his brother, the plaintiff, to use in his practice, and was to pay his brother a fair price for their use ; and that the same was still in his keeping, and in use by him.

Jonathan Small testified, that the defendant told him that he should sell the property attached if it was not replevied.

Dexter B. Moore testified, that after the attachment, the property was suffered to remain in Jonathan Small's possession, by his consent, he, Moore, having the oversight of it.

Upon the foregoing statement of facts, appearing in this case, the Court are to render such judgment as they shall deem proper.

*Howard,* for the defendant. Replevin will not lie. There has been no taking, nor detention from the plaintiff. Maine Laws, St. 1821, c. 63, § 9. The return of an officer, that he has attached, is not conclusive of taking so as to subject the defendant to an action of trover. *Bryant* v. *Willard,* 10 Pick. 166.

If there was a taking or detention, actual or constructive, still the property was all the plaintiff's. The possession was his, and Small was his bailee. After the expiration of thirty days from the judgment in the suit in which the attachment was made, all claim by the officer on account of his attachment was extinguished. *Denny* v *Willard,* 11 Pick. 519. As the pro-

perty was in the plaintiff, the attachment gave the officer no rights. The receipter would, if sued, have been discharged on proof of that fact. *Fuller* v. *Holden*, 4 Mass. R. 498 ; *Tyler* v. *Ulmer*, 12 Mass. R. 169 ; *Learned* v. *Bryant*, 13 Mass. R. 224. An officer is not liable to the true owner of property attached by him, when such owner has the possession of the property attached or has appropriated it to his own use. *Fisher* v. *Bartlett & al.* 8 Greenl. 122 ; *Lathrop* v. *Cook*, 14 Maine R. 414. The plaintiff by his bailee having always been in possession cannot maintain this suit. A mere threat to attach or seize on execution does not constitute an attachment or seizure nor furnish the foundation for a suit against an officer.

*Littlefield*, for the plaintiff. The case is conclusive as to the fact of an attachment — as to the detention, this is clearly distinguishable from the case of *Lathrop* v. *Cook*, 14 Maine R. 414, — as in that, the receipter was the plaintiff — here he was a stranger.

The opinion of the Court was delivered by

WESTON C. J. — The case before us differs from *Lathrop* v. *Cook*, 14 Maine R. 414, in this important particular, the property there was receipted for by the owner, the receipt not admitting, as is usual in such cases, that it was received as the property of the debtor ; here the receipt was given by a stranger, and must be taken to have been in the usual form. The defendant having attached the property, and put it into the hands of a third person, it was thereby in the custody of the law, and a special property therein was acquired by him in his official capacity. *Perley* v. *Foster*, 9 Mass. R. 112. The receipter was the mere servant of the officer, who had the constructive possession, and the possession of the plaintiff, or of his bailee, Jonathan Small, actual or constructive, was vacated, or at least suspended. That the receipter suffered the property to remain in the hands of the debtor, did not dissolve the attachment, or change the constructive possession, thence resulting, in the officer. Nor did the fact, that the plaintiff, and

not the debtor, was the general owner, vacate the attachment or the constructive possession of the officer, which depended upon it, and was necessary for its preservation.   The general owner could not take the property from the custody of the law, without a process of replevin.   Upon the attachment, as the facts are reported, the general property was in the plaintiff, and the special property in the defendant, the officer ; the receipter was the servant or keeper for the officer, and the debtor for the receipter.

While the attachment continued, in the eye of the law, the property was both taken and detained by the defendant.   And if the plaintiff would take it from his legal custody, an action of replevin was the apt and proper remedy.   But if the attachment was dissolved, the property being actually in the hands of the bailee of the plaintiff, the constructive possession of the officer would be gone, and that, as well as the actual possession, would revert to the plaintiff, represented by his bailee.   In such a case, upon the principle decided in *Lathrop* v. *Cook*, replevin would neither be suitable nor proper.   And we are of opinion that the attachment was dissolved when this suit was instituted, the property not having been seized on execution, within thirty days of the rendition of judgment.   Forty days had then elapsed, and no impediment had before been interposed to the proceedings of the officer.   If he would have preserved the lien, he ought before that time to have sold the property.   He had demanded it seasonably of the receipter, who had responded to the call by offering to show it to him, and was told that it might remain where it was, for he was going to sell it.   Instead of doing so, he voluntarily suffered the thirty days to expire; by which his official connection with the property and his constructive possession became vacated and dissolved.

In the opinion of the court, the action is not maintained.

*Judgment for defendant.*