SullivaN, J.
Replevin by Borders against the plaintiffs in error for unlawfully taking and detaining a horse. Pleas, 1, Non cepit; 2, Property in a stranger. The cause was, *by consent of parties, tried by the Court. Judgment for the plaintiff.
The testimony was, that the plaintiffs in error had issued an attachment against the goods, &c., of one John Borders, and that the constable, to whom the writ was delivered, attached the horse in controversy as the property of the said John Borders; that the horse, when the writ was executed, was in the possession of James Borders, the father of the plaintiff Thomas; that the plaintiffs in error were not present when the horse was seized by the constable; and that when the horse was replevied by the defendant in error, he was found in the possession of the constable. It was also proved that the horse was the property of Thomas Borders, the defendant in error. There was no proof that the plaintiffs in error had the possession of the horse at any time, nor that they assented to the act of the constable at any time before or after the attachment .was levied.
The right of Thomas Borders to the property in controversy was clearly established by the proof. On that point no question is raised in this Court. But it is contended by tins plaintiffs in error, that there was no evidence of a tortious taking or an unlawful detention of the horse by them, and that therefore the judgment of the Court was erroneous.
We have seen that there was no proof that the plaintiffs in error participated in the act of the constable, by which the property of the defendant in error was wrongfully attached. They therefore can not be made liable, under the issue, unless *171 the single fact that they were the attaching creditors makes them so. But that alone is not sufficient. If a sheriff take the goods of one person upon an execution against another, an action of trespass may be supported against him, but it can not be brought against the plaintiff in the action, unless he actually interfered or assented to the levy. Saunderson v. Baker, 3 Wils., 309. If the person injured prefer the action of replevin to the action of trespass, there is no reason why the same principle should not apply in the former action.
W. J. Peaslee, for the plaintiffs.
C. C. Have and B. Bull, for the defendant.
The defendant in error relies upon the case of the Louisville and Portland Canal Co. v. Holborn, 2 Blackf., 267, to support the judgment of the Circuit Court. But the issues in that ease were essentially different from the one now before *us. The pleas there were, property id the defendant, and property in a stranger. The taking by the defendant was admitted. Under those facts, the Court decided that the action of replevin would lie.
In the present case, the taking and detention are denied, and there is no proof that, by word or deed, the plaintiffs in error were guilty of either.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.