## SUPREME COURT.

### SKINNER and others agt. STUART and others.

A plaintiff cannot maintain an equitable action in his own name against any *debtor* of the defendants in an *attachment suit*, to collect and receive the debts, credits and effects of such defendants alleged to be in the possession of their debtor, without complying with the provisions of § 238 of the Code, which requires an

undertaking, &c., to be given by the plaintiff to the sheriff, who has levied the attachment.

And where there is nothing stated in the complaint to show fraud or collusion, or combination obstructing the ordinary processes of the law, and that the lien of the attachment cannot be enforced without the intervention of the court, in the exercise of its equitable powers, such an action cannot be maintained by the plaintiff, even by the compliance with the provisions of § 238 of the Code.

*New York General Term, March,* 1863.

INGRAHAM, LEONARD and PECKHAM, *Justices.*

DEMURRER to complaint. The facts will sufficiently appear in the opinion of the court.

By the court, CLERKE, Justice. At common law, when personal, tangible property was levied upon under an execution, it forthwith vested in the sheriff—the plaintiff in the execution could not meddle with it; if it was converted or concealed or taken away, none but the sheriff could retake it, or by action recover it, or the value of it. The property when once levied upon, was in the custody of the law, and its minister, the sheriff, was bound to preserve it against all the world for the purpose of satisfying the judgment. To him alone could the plaintiff look for the application of the property to this purpose.

The law now allows a provisional remedy in certain cases to secure the application of property to the satisfaction of an alleged debt, immediately after the commencement of an action, and, of course, before the claim is established. By this provisional remedy, a warrant of attachment is issued; if it is tangible personal property, the sheriff shall keep the property seized by him, and all debts, credits and effects of the defedant, he shall collect and receive into his possession. He may take such legal proceedings, either in his own name or in the name of the defendant, as may be necessary for that purpose. (§ 232 *of Code.*) This section certainly does not authorize the plaintiff in the action in which the attachment is issued, to commence an action to take possession of the tangible property levied upon, or to take legal proceedings to col-

lect, or receive into his possession debts, credits and effects of the defendants. He is precisely under the same disability in that respect, in which the plaintiff in an execution was placed, before the legislature gave the right to this provisional remedy. He can no more meddle with or claim possession of the property under it, than he could at any time under an execution. The property is in the same manner in the custody of the law, and he can only look to the sheriff, who is responsible to him for its application to any judgment which he may recover. The only provision in the Code, or in any statute, which admits of any proceedings directly by the plaintiff, is contained in section 238, which says that the actions authorized in the chapter to be brought by the sheriff, may be prosecuted by the plaintiff, or under his direction, upon the delivery by him to the sheriff of an undertaking executed by two sufficient sureties, &c. So that, by complying with the conditions of this section, the plaintiff may undoubtedly prosecute, in his own name, any action which the sheriff could have prosecuted; that is, if there are debts, credits and effects, he may, in his own name, take such legal proceedings as may be necessary to collect and receive them into his possession. If it is a promissory note belonging to the defendant, he may sue the parties liable on the note, in his own name, or he may sue any debtor of the defendant, or any person, who, like the defendants Stuart in this action, have moneys, bills, notes or other evidences of debt, or other property belonging to the defendant in the attachment. But certainly he cannot do this under the provisions of the Code, without complying with the conditions which it prescribes. It is nowhere alleged in the complaint that he has executed an undertaking to the sheriff; and he has no such right at common law, he must strictly comply with the terms upon which the statute gives him this new right. As I have already shown, he has no more right at common law, or by any previous statute, to commence such a suit than he had

to commence a suit to collect and receive into his posses-
sion debts, credits and effects of the defendant under an
execution, before the provisional remedy was authorized
by law.

2. But, even if he did comply with the conditions pre-
scribed by the Code, could an action of this kind be main-
tained ?   This is an action requiring the equitable interpo-.
sition of the court, seeking its extraordinary instead of its
ordinary remedies.   The complaint sets forth that the de-
fendants Stuart & Company have a large amount of per-
sonal property, consisting of moneys, bills, notes and other
evidences of debt and property deposited with them, by
and belonging to Shepherd & Moore, the defendants in the
attachment suit.   It shows no fraud, collusion or combina-
tion obstructing the ordinary processes of the law; it
does not show that those processes have been exhausted.
Indeed, it does not show that they have ever been resorted
to, for they could not have been resorted to without first
bringing a common law action.   There is nothing stated
in the complaint, as is erroneously supposed by the court
below, to show that the lien cannot be enforced without
the intervention of the court in the exercise of its equitable
powers.   If the defendants, Stuart & Co., withhold the
statement required of them by the Code, a summary method
is provided by which they can be compelled to furnish that
statement, and if they refuse to deliver the property to the
sheriff, the remedy afforded by an ordinary action will be
ample for the plaintiffs, if they think proper to resort to it,
by first complying with the conditions which the Code pre-
scribes.

It is, in my opinion, a great mistake to say that the reme-
dies afforded by the chapter of the Code relating to attach-
ments are merely cumulative.   They are the only remedies
known to the law in such cases.   Where a lien was ob-
tained on personal property under a judgment previous to
the enactment of the Code, no one but the sheriff could

have enforced the lien by virtue of the execution. As I have shown, where the property was levied upon, it vested in him, and he was responsible to the plaintiff for the faithful performance of his duties.

The sheriff alone could sue for its recovery when converted, concealed or taken away. Where, indeed, the execution was returned unsatisfied, the plaintiff was entitled to his creditor's bill; or where an execution was issued, and the enforcement of the execution was obstructed by fraud, collusion or combination, the extraordinary aid of a court of equity would be afforded to remove the obstruction. But this case does not fall within either of these classes of equitable remedies. Neither will the pretence of settling priorities among the attaching creditors warrant the court in assuming extraordinary jurisdiction. If the sheriff sued and received possession of the property, he would satisfy the attaching creditors in the order of their priority. If any attaching creditor commences an action under section 238 of the Code, and, as in this case, prays to have the property delivered to the sheriff, that officer will do precisely the same as if the action was prosecuted in his name.

The complaint cannot be sustained: 1st, because the plaintiffs have not complied with the condition of the section of the Code (§ 238) which authorizes the plaintiffs to commence an action; and 2d, if they did comply with it, the complaint does not state a sufficient cause to sustain an action of this nature.

There should be judgment for the defendants on the demurrer with costs.