### Bradford S. Farrington *vs.* James W. Edgerley.

An officer who has attached property on a writ may employ the defendant's wife as the keeper thereof, and the attachment will not thereby be dissolved.

Tort for the conversion of certain articles of household furniture.

At the trial in the superior court, before *Russell,* J., it appeared that the plaintiff, who was a deputy sheriff, attached the articles in question on a writ against one Sawyer, and appointed Sawyer's wife as the keeper thereof. The defendant afterwards carried away the property, after being twice informed that Sawyer's wife was acting as keeper under the plaintiff. It did not appear and was not contended that Mrs. Sawyer was engaged in any business on her own account, or had any separate property. Judgment was afterwards obtained against Sawyer in the suit in which the attachment was made, and execution issued.

The judge ruled upon the foregoing facts that the plaintiff could not maintain his action, and a verdict was accordingly returned for the defendant. The plaintiff alleged exceptions.

*J. W. Hubbard*, ( *T. Weston, Jr.*, with him,) for the plaintiff

*F. Woodside*, for the defendant. An attachment is dissolved if the attached goods are left under the control of the defendant in the writ. *Train* v. *Wellington*, 12 Mass. 497. *Butterfield* v. *Clemence*, 10 Cush. 269. A wife's custody is her husband's custody. A keeper of attached property stands in a hostile attitude towards the owner of it. It is against the policy of the law to allow a wife to be placed in that position towards her husband. Besides ; a keeper may be sued by the officer. Can a married woman be so sued ? Story on Bailm. §§ 125, 132. If a married woman becomes a depositary without her husband's consent, the act is a mere nullity and no contract arises. Story on Bailm. § 50.

FOSTER, J. The only question before the court upon this bill of exceptions is, whether an officer who has attached personal property may employ the wife of the defendant as a keeper and commit to her charge, as his bailee, the property of her husband under attachment.

By a recent statute, Gen. Sts. *c.* 108, § 3, a married woman is expressly authorized " to carry on any trade or business and perform any labor or services on her sole and separate account, and sue and be sued in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole." This language is certainly broad enough to permit a married woman to perform the labor or services of a keeper of attached property. If she may be an agent under any circumstances, to have the custody of property, there would seem to be no reason why she cannot act in that way on behalf of a deputy sheriff as well as any one else. And we suppose the only doubt arises from the fact that her husband was the party owning the property attached. But although the general property of goods attached is in the defendant, yet the attaching officer has a special property and the exclusive right of possession. The keeper is merely his servant, has no special property, and can maintain no action even against a trespasser *Perley* v. *Foster*, 9 Mass. 112. The officer remains responsible for property in the hands of his keeper equally as while it

continued in his personal custody; so that the creditor has no interest in the question who shall hold it.

The objection cannot prevail unless a delivery to the defendant's wife, like one to the defendant himself, is an abandonment of the officer's possession and a dissolution of the attachment. This we cannot hold, for we find nothing in the relation of husband and wife and no principle of public policy to prevent a married woman from keeping goods, the special property of which is in the officer, because the general property is in her husband. The present defendant was not misled by any apparent possession of the husband, because he was twice notified that the wife held the goods as keeper for the attaching officer.

If officers choose to assume the risks incident to employing a wife or any other member of the defendant's family as keeper, we know no rule of law to forbid them.

*Exceptions sustained.*