ANSONIA BRASS AND COPPER COMPANY, RESPONDENT,
*v.* S. R. PRATT, AS ASSIGNEE IN BANKRUPTCY OF HEMAN
H. FRINK, APPELLANT.

*Assignee in bankruptcy — action by judgment creditor against, to recover value of
property levied on by sheriff and delivered to assignee.*

On the 23d of June, 1873, plaintiff obtained a judgment against one Frink, and
on the twenty-sixth issued an execution thereon to the sheriff, by whom a levy
was made on personal property sufficient to satisfy the same. Frink having
been adjudged a bankrupt in the following August, a marshal, under an order
of the bankrupt court, demanded of, and received from the sheriff possession of
the said property, and subsequently delivered the same to the defendant, Frink's
assignee in bankruptcy. In an action by the plaintiff to recover the value of the
property, *held*, (1) that the action could not be maintained as for a wrongful
taking and conversion of the property, as the plaintiff acquired by the levy no
sufficient title to or interest in the same to sustain such an action; (2) that it
could not be maintained as an enforcement of an equitable lien, acquired by
the plaintiff by virtue of his judgment, on the fund in the hands of the assignee,
for the reason that the bankruptcy court alone had jurisdiction over an action
of such a character.

APPEAL from a judgment in favor of the plaintiff, entered on the
trial of this action by the court without a jury.

This action was brought to recover from the defendant, as the
assignee in bankruptcy of Heman H. Frink, the amount of a judg-
ment recovered by the plaintiff against said Frink on the 23d day of
June, 1873, for the sum of $346.04.

An execution on said judgment was issued to the sheriff of Jeffer-
son county, and was by him levied on the 26th day of June, 1873,
upon personal property of Frink sufficient to satisfy the execution.
On the 4th of August, 1873, proceedings in bankruptcy were com-
menced against said Frink, resulting in his being declared a bank-
rupt on the fifteenth of August. On the fourth of August an *ex parte*
order was issued out of the bankruptcy court, in said proceedings,
restraining the sheriff from disposing of said property levied upon
by him, until the further order of that court. Thereafter a war-
rant was issued to the marshal to take possession of the bankrupt's
property, and the marshal, by virtue thereof, demanded possession
of the property held by the sheriff under said levy, and the sheriff

thereupon delivered to the marshal the keys of the store in which the property was contained, and the marshal took possession of the property. The marshal subsequently turned over the property to the defendant herein as assignee in bankruptcy, who sold the same, and took the proceeds as assignee.

The cause was tried at the Jefferson Circuit, without a jury.

The judge found that the plaintiff is entitled to recover against the defendant the amount due upon the judgment, besides costs.

*S. R. Pratt,* appellant, in person.

*M. P. Stafford,* for the respondent.

SMITH, J.:

If this action is regarded as sounding in tort, for an alleged wrongful taking and conversion of the personal property in question, it is difficult to see how it can be maintained. The plaintiff had no title to, or interest in the property of Frink, by virtue of the levy, which would sustain the action. The property, when levied on, was in the custody of the law, and the sheriff was the only party who could recover for a wrongful taking while the levy was in force. (*Barker* v. *Mathews,* 1 Den., 335 ; *Skinner* v. *Stuart,* 39 Barb., 206.) The sheriff is responsible to the plaintiff for the value of the property levied on under its execution. It is no defense to the sheriff that the property was wrongfully taken from his custody by a third person. For such taking the sheriff may have his action against the wrong-doer, and thus indemnify himself. This court held recently in an action by the plaintiff herein against the sheriff, growing out of this very transaction, and on the same facts, that the sheriff was liable to the plaintiff for releasing the property in question and turning the same over to the marshal. (8 Hun, 157.)

The counsel for the respondent insists that the want of title in the plaintiff is not now available to the appellant, as the point, he says, was not taken at the trial. If it had been, he suggests it might have been obviated by showing that the plaintiff sued at the request of the sheriff.

It is, undoubtedly, a well-settled rule, that when a motion for a nonsuit is made, without stating the grounds of it, mere formal

objections, which were not brought to the notice of the court, and which might have been obviated if attention had been called to them at the trial, will not avail on appeal from the decision refusing a nonsuit. (*Castle* v. *Duryea*, 32 Barb., 480 ; *Binsse* v. *Wood*, 37 N. Y., 526; *Mallory* v. *Travelers' Insurance Co.*, 47 id., 52.) Here, however, the objection goes to the very foundation of the action. Proof that the plaintiff sued at the request of the sheriff would not have helped the case. Such request would not have transferred the right of action. Where the objection is of such a nature that it cannot be obviated, the rule adverted to does not apply. (*Delafield* v. *State of Illinois*, 2 Hill, 159; *Cook* v. *Whipple*, 55 N. Y., 157.) But in the present case, the grounds of the motion for a nonsuit were specified. The record states that the defendant's counsel moved for a nonsuit " on the ground that the plaintiff had failed to establish a cause of action against this defendant ; that there is no proof that the notice of twenty days to the assignee in bankruptcy before bringing suit has been served on the assignee, as required by the provisions of the bankrupt act ; and, also, that this court has no jurisdiction to entertain this action." The first ground was broad enough to include the objection now under consideration. It may admit of question whether it was sufficiently specific, although the statement of the other two grounds necessarily confined it to limits not occupied by them. But it appears, by the statement of the reasons given by the judge for his decision, that his attention was called to the point, and that he was of the opinion that the sheriff held the goods as the agent of the plaintiff in the execution, and that his special interest in them inured to the benefit of the plaintiff. It is manifest, however, that, in the hurry of the Circuit, the learned judge fell into an error in that particular, and that if the plaintiff's action rests upon no other ground than a wrongful taking and conversion, it must fail.

Another objection to the action, as one sounding in tort, is, that the taking was not wrongful. The sheriff voluntarily delivered the property to the marshal, and the marshal turned it over to the assignee. The sheriff was under no obligation to part with the property. On the contrary, it was his duty to resort to all reasonable means to protect his levy. This point was adjudged in the case of this plaintiff against the sheriff, above referred to. The

defendant, therefore, was not chargeable with a conversion unless he refused to give up the property, or its proceeds, after demand, and of that there is no evidence. This point, however, was probably waived by the omission to take it at the trial.

The only other view that can be taken of the nature of the action is, that it has for its object the enforcement of the lien which the plaintiff has, by virtue of its judgment, on the fund in the hands of the assignee. In that aspect of the case, the difficulty is, that a State court has not jurisdiction of an action to enforce and liquidate a lien upon a fund in the hands of the bankruptcy court. In this case, the fund is the proceeds of property which was voluntarily surrendered to the marshal by the sheriff. As we have seen, the plaintiff has its right of action against the sheriff. If it has also a lien on the fund in the hands of the assignee (a question which, in our view of the case, it is not necessary to decide), such lien can only be enforced in the court in which the bankruptcy proceeding is pending. (Bankrupt Act of 1867, § 57.) In *Havens* v. *National City Bank of Brooklyn* (13 N. B. R., 95) it was held, by the General Term of this court in the second department, that no State court can require a bank, in which the funds belonging to a bankrupt's estate are deposited to the credit of the assignee in bankruptcy, to pay a judgment against the assignee of such bankrupt out of such funds. The fund is in the bankrupt court to be disposed of by order of that court. If these cases were correctly decided, this court would have no power to execute the judgment appealed from, if it should be allowed to stand. It has been held, in some of the federal courts, that an assignee appearing without objection in an action, brought in a State court, to enforce a lien upon the property of a bankrupt, cannot be heard on appeal to object to the jurisdiction. As, for instance, where the assignee appeared in an action to foreclose a mortgage, and made a contest for the surplus. (*Mays* v. *Fritton*, 11 N. B. R., 229 ; S. C., 20 Wall., 414.) But unless an assent thereto shall first be given by the assignee, as an officer of the court, no person can enforce a specific lien, such as a mortgage or a judgment in a State court, while proceedings in bankruptcy are pending. (*In re Brinkman*, 7 N. B. R., 421; *Augustine, Assignee,* v. *McFarland*, 13 id., 7 ; *Brigham* v. *Claflin*, 7 id., 412, decided by the Supreme Court of

Wisconsin.) The rule is well stated by the Supreme Court of North Carolina, SETTLE, J., in these words: "The bankrupt law does not divest a lien, but as all the property of a bankrupt, as well that subject to mortgages and liens as that which is unincumbered, passes to the assignee, and is in *custodia legis*, subject to priorities and liens, it follows that the bankrupt court is the proper tribunal in which to administer the remedies for the enforcement of liens. The State courts may be employed to collect the assets of a bankrupt, and also to ascertain the liens which may exist on such assets; but it is one thing to ascertain a lien, and quite another to liquidate it." (*Blum, Ex., v. Ellis*, 13 N. B. R., 345.)

We are of opinion that the objection to the jurisdiction of this court is well taken, and that it is fatal to the action against the assignee, whether it be regarded as an action to enforce the specific lien of the judgment on the fund in his hands, as the officer of the bankruptcy court, or to compel payment, out of the fund, of the damages resulting from the alleged wrongful conversion

In any view of the action, therefore, we think it cannot be maintained.

Judgment reversed and new trial ordered, with costs to abide event.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.