McCulloch v. McDonald *et al.*

Filed Nov. 3, 1883.

———————

No. 10,426.

McCulloch v. McDonald et al.

Common Carrier.— *Wrongful Delivery.—Liability. — Damages.* — Where a person is engaged in the business of a common carrier by teams, and delivers the goods entrusted to him to the wrong person, and the goods are thereby lost, such carrier is liable for the loss. The fact that the consignor hands the driver of the team an envelope, containing a bill of the goods, to be signed by the consignee, properly directed to the consignee, but upon the corner the wrong street is named, furnishes no excuse for delivering the goods to the wrong person.

From the Floyd Circuit Court.

*D. C. Anthony,* for appellant.

*A. Dowling,* for appellees.

BEST, C.—The appellees, who do business under the firm name of "McDonald & Co," brought this action against the appellant before a justice of the peace, where they recovered judgment.   Upon appeal to the circuit court, the cause was tried and judgment again rendered for the appellees for $171. A motion for a new trial, for the alleged reasons that the verdict was not sustained by sufficient evidence, and was contrary to law, was overruled, and this ruling is assigned as error.

The appellant was a common carrier engaged in transporting merchandise by teams between the city of New Albany, Indiana, and the city of Louisville, Kentucky, and on the 22d day of March, 1881, the appellees shipped by him thirty barrels of flour, of the value of $171, to Edward Klein in Louisville, Kentucky, which was never delivered to the consignee, but was delivered to I. Kling, and was wholly lost to the appellees.   These facts, which are undisputed, rendered the appellant *prima facie* liable for the loss.   This is not disputed, but the appellant claims that his failure to deliver the goods to the proper person was caused by the failure of the appellees to give proper direction for the delivery, and that in consequence thereof he is exonerated from liability.

At the time these goods were shipped the appellees furnished the teamster of appellant with a dray or wagon ticket in these words:

"NEW ALBANY, IND., March 22, 1881.

"Received of McDonald & Co , by E. Cline, Louisville, per McCall wagon, 30 bbls. 15 N. P., 15 bey flour," as was the custom, and this ticket, upon the delivery of the flour, was to be signed by the consignee and was to be returned to the consignor.   In addition to this, a bill of the flour was made to E. Cline, placed in a sealed envelope and directed "E. Cline, Louisville, Ky."   Upon the right hand corner of the envelope, the words "Walnut and Jackson" were written.   The envelope was then given to the teamster, to be by him delivered with the flour.   I. Kling was doing

business as a baker at the intersection of Walnut and Jackson streets in Louisville, and Edward Klein about four squares distant upon the corner of Campbell and Walnut. The appellant had transported a load of flour at a previous time by another teamster for appellees, and delivered it to Edward Klein, but the driver of this team was unacquainted with his place of business and took this flour to the corner of Walnut and Jackson streets, and being unable to find E. Klein, delivered it to I. Kling, who signed his name to the ticket, which was returned to the appellant and by him retained until the 3d day of May, when he returned it with others to one of the appellees, who then paid him his charges for the transportation of the flour.

These facts are undisputed, and upon them we think the appellant clearly liable for the loss of the flour. The only semblance of an excuse for his failure to deliver the flour is the fact that the words "Walnut and Jackson" were written upon the envelope, and if this fact misled him as to the place of business of Klein, it in no manner justified him in delivering the flour to another person. The flour was directed to E. Cline, and delivered to I. Kling. The names are unlike, and in this respect the directions were explicit and not misleading. The appellant could not have mistaken the one for the other by reason of any similarity in the names, and the fact that the place of business was misstated did not authorize him to deliver the goods to any other person who might be engaged in business at that point. He was bound to deliver the flour to the consignee or retain it. Nor was he justified in assuming that the appellees had misdirected the flour. In delivering it upon such assumption, he acted at his peril, and must bear the loss. In addition to all this, the evidence tends strongly to show that he was not misled by the instructions, but that he was informed before the delivery of the flour that it was probably not intended for I. Kling. Kling testified that when the flour was brought to him he informed the driver that he had not ordered it, and that it was probably not in-

tended for him; that he would take it, sign his own name to the ticket, and would not use it for a few days, so that if it was not intended for him the driver could return and get it if there was any mistake about the delivery. In this he was fully supported by his son. This testimony, if believed, completely destroyed every semblance of an excuse for the delivery of the flour to I. Kling, and as the appellant, in the absence of an excuse, was liable, the motion for a new trial was properly overruled. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

