Dufour v. Anderson.

Filed May 9, 1884.

---

No. 9544.

## DUFOUR v. ANDERSON.

PARTIES.—*Trespass.—Attachment.—Sheriff.*—When personal property seized by the sheriff by virtue of a writ of attachment is forcibly taken from his possession, the sheriff only can sue therefor.

From the Switzerland Circuit Court.

*W. R. Johnston* and *F. M. Griffith*, for appellant.
*J. A. Works* and *J. D. Works*, for appellee.

FRANKLIN, C.—Appellee sued appellant for wrongfully and forcibly taking from the sheriff of said county forty barrels of whiskey, which the sheriff had levied a writ of attachment upon in favor of appellee, and had taken the same into his possession.

The appellant filed a demurrer to the complaint, which was overruled, and an exception reserved. Issues were formed, and there was a trial by jury, verdict for appellee, and judgment upon the verdict.

The complaint reads as follows:

"The plaintiff, James V. Anderson, complains of the defendant, Charles J. Dufour, and says, that on the 10th day of April, 1878, Anderson W. Darling, who at said time resided at Carrollton, in the State of Kentucky, shipped on board the steamboat 'General Pike,' from Carrollton aforesaid, or from Prestonville, in the State of Kentucky, forty barrels of whiskey, to be taken by said steamboat, of which steamboat the defendant on said day was captain and master, to the city of Cincinnati, in the State of Ohio; and that on said day the plaintiff commenced an action in this court against the said Andrew W. Darling for the sum of $500 on a draft or bill of exchange drawn by Spillman, Halderman & Co., payable three days after sight to their own order, for the sum of $321.01, and directed to the said Andrew W. Darling at Carrollton, Kentucky, by the name and style of A. W. Darling, and dated Cincinnati, March 9th, 1878, which draft or bill of exchange was on said day endorsed to the plaintiff by said Spillman, Halderman & Co. And that at the time of commencing said action, the plaintiff filed affidavit and bond, as required by law, and sued out an order or writ of attachment against the property of said Andrew W. Darling, directed to the sheriff of said Switzerland county, Indiana, commanding him to seize and take into his possession the personal property, and attach the land, of the said Darling in said sheriff's county, not exempt from execution, or so much thereof as would satisfy the claim of the plaintiff in said action for $321.50, together with the costs of said action. And that said sheriff on said day, while said steamboat was lying at the city of Vevay, in said Switzerland county, Indiana, and made fast to the wharf-boat at said city in said county, went on board of said steamboat, and with the assistance of ——, a disinterested and creditable householder of said county, levied upon, seized and attached said forty barrels of whiskey belonging to said Darling on board of said steamboat, which whiskey was delivered into the posses-

sion of said sheriff by the defendant, Charles J. Dufour, then the captain and master of said steamboat; and after said sheriff had so levied upon, seized and attached said forty barrels of whiskey, and had removed from off said steamboat on to the wharf-boat to which said steamboat was fastened, ten barrels of said whiskey, the said Charles J. Dufour, the defendant, then captain and master of said steamboat, and David Lepper the clerk, and Oliver Noble the mate, of said steamboat, forcibly took from the said sheriff and from his possession said forty barrels of whiskey, and removed back on to said steamboat the ten barrels of said whiskey that the said sheriff had taken from off said steamboat and put on said wharf-boat, and took and carried away said forty barrels of whiskey, against the wishes and remonstrances of said sheriff, and converted the same to his own use, whereby the said plaintiff was deprived of and lost the benefit of the seizure and attachment of said whiskey for the payment and satisfaction of his said debt, accruing interest and the costs of said action." Wherefore the plaintiff says that he is damaged to the amount of $500, for which sum he demands judgment, and all proper relief.

The cause stated in the demurrer is, that the complaint does not state facts sufficient to constitute a cause of action in the plaintiff.

In the case of *Butler* v. *Borders*, 6 Blackf. 160, it was held that where a writ of attachment was levied on goods which did not belong to the defendant, the plaintiff in attachment, having taken no part in the levy, is not liable for the conduct of the officer who made it.

In the case of *Skinner* v. *Stuart*, 39 Barb. 206, it was held that, at common law, when personal tangible property of a debtor had been levied upon, by virtue of an execution or attachment, it is in the custody of the law, whose minister, the sheriff, is the proper person to bring actions to recover the possession or value thereof. The plaintiff can not sue therefor. The code does not authorize the plaintiff, in an attach-

ment suit, to commence an action to take possession of the tangible property levied on, or to take legal proceedings to collect or receive into his possession debts, credits and effects of the defendant.

In the case of *Schaeffer* v. *Marienthal,* 17 Ohio St. 182, it was held that, where personal property has been seized by the sheriff under writs of attachment, the sheriff and the attaching creditors can not, by virtue of their right under such proceeding, maintain a joint action to recover damages for its subsequent conversion or detention by a stranger; that the sheriff alone had the exclusive right to bring such action.

In Drake on Attachments, section 290, the following language is used: " It is, therefore, indispensably necessary that the officer should sustain such a relation to personal property which he has seized, as will enable him to hold it to answer the purpose for which it was attached. To this end, he is, by the levy of the attachment, and the reduction of the property into his possession, vested with a special property in the latter, which enables him to protect the rights he has acquired; and this property constitutes an insurable interest, which he may protect by obtaining insurance thereon, though he is not under obligations to do so.

" This special property of the officer continues so long as he remains liable for the attached effects, either to have them forthcoming to satisfy the plaintiff's demand, or to return them to the owner, upon the attachment being dissolved; but no longer. For any violation of his possession, while his liability for the property continues, he may maintain trover, trespass, or replevin. And he alone can maintain any such action; it can not be maintained by the attachment plaintiff." And the following authorities are cited in support thereof: *White* v. *Madison,* 26 How. Pr. 481; *Collins* v. *Smith,* 16 Vt. 9; *Gates* v. *Gates,* 15 Mass. 310; *Holt* v. *Burbank,* 47 N. H. 164; *Ludden* v. *Leavitt,* 9 Mass. 104; *Badlam* v. *Tucker,* 1 Pick. 389; *Lowry* v. *Walker,* 5 Vt. 181;

*Lathrop* v. *Blake*, 3 Fost. 46; *Brownell* v. *Manchester*, 1 Pick. 232; *Walker* v. *Foxcroft*, 2 Me. 270; *Strout* v. *Bradbury*, 5 Mc. 313; *Whitney* v. *Ladd*, 10 Vt. 165; *Perley* v. *Foster*, 9 Mass. 112; *Gordon* v. *Jenney*, 16 Mass. 465; *Hall* v. *Walbridge*, 2 Aik. 215; *Polley* v. *Lenox Iron Works*, 4 Allen, 329; *Jordan* v. *Gallup*, 16 Conn. 536; *Ross* v. *Philbrick*, 39 Me. 29.

If the plaintiff could maintain this kind of an action under any circumstances, the complaint is ·certainly defective for not averring that Darling had accepted the draft, and for not showing that he had recovered upon his claim against Darling, and had obtained or was entitled to an order for the sale of the attached property for the payment of his ·debt; prior to such order it was the duty of the sheriff to hold the attached goods subject to the order of the court, and if the plaintiff in attachment, in the conclusion of his case, failed to obtain such order, it was the duty of the sheriff to return such goods to Darling, and in such case the plaintiff could not bring any action for the conversion of the goods. But, under the foregoing authorities, we think that the plaintiff in the attachment, in this case, had no such interest in the attached goods as enabled him to maintain an action for the value of the goods against a stranger for their conversion, and that the sheriff alone had the right to possession until the goods were legally disposed of by him, or taken from him under due process of law, until which time he was liable to the plaintiff for the value of the attached goods, not exceeding plaintiff's adjudicated claim. And he alone could bring an action against a stranger for their conversion.

The court below erred in overruling the demurrer to the complaint, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs; and the cause is remanded with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.

Filed May 8, 1884.