No. 14,572.

SIMPSON, SHERIFF, *v.* DUFOUR ET ·AL.

COMMON CARRIER. — *Writ of Attachment.—Levy of upon Goods in Transit. —Refusal of Captain to Surrender Goods.—Answer Showing Property in Third Person.—Sufficiency of.—*In an action against the captain and master of a steamboat for wrongfully and forcibly taking from the sheriff of Switzerland county, while said steamboat was lying at the city of Vevay, in said county, certain barrels of whisky in transit on said steamboat, which the said sheriff had levied a writ of attachment upon, and had taken into his possession, an answer is good which shows that the property sought to be attached was not the property of D. against whom the writ of attachment was issued, but was the property of S., and not subject to levy and attachment as the property of D. The defendant was a common carrier, and an insurer of the property in controversy, and it was his duty to hold it until such time as it reached its destination, unless taken from his possession lawfully.

From the Switzerland Circuit Court.

*C. S. Tandy* and *L. O. Schroeder,* for appellant.

*F. M. Griffith* and *W. R. Johnston,* for appellees.

COFFEY, J.—This case is here for the second time, and is reported in 95 Ind. 302. The material facts, as disclosed by the complaint, are set out in the complaint as copied in the above report, and need not be repeated here. Upon a return of the cause to the Switzerland Circuit Court a substituted complaint was filed, and the appellant, as the then sheriff of the county, was substituted for Anderson, as plaintiff.

The appellee Dufour filed an answer consisting of nine paragraphs, to all of which the court sustained a demurrer, except the first and eighth. The eighth paragraph avers, substantially, that there was in force in the State of Kentucky a general statute, by the terms of which all persons who were the owners of warehouses in which were stored whiskey, tobacco, etc., were denominated warehousemen; that such warehousemen were permitted to issue warehouse receipts for goods on hand and stored in such warehouses; that

such warehouse receipts were negotiable as inland bills of exchange; that Darling, on the 6th day of April, 1878, was the owner of a warehouse, in said State, in which was stored a large quantity of whiskey, and that he was by virtue of said statute of Kentucky a warehouseman; that on said day the said Darling executed a warehouse receipt for one hundred and ninety-three barrels of whiskey, or cologne spirits, describing the barrels by their serial numbers and warehouse numbers; that the forty barrels sought to be attached was a part of said one hundred and ninety-three barrels; that said warehouse receipt was, on said 6th day of April, endorsed by said Darling to one Whitehead, and was by said Whitehead endorsed to one Ferdinand A. Schwill, of the city of Cincinnati, in the State of Ohio, to whom said whiskey, on being shipped, was consigned; that by reason of said Schwill being the owner and holder of said warehouse receipt he thereby became the owner of said whiskey on the 6th day of April, 1878, four days before the same was shipped, and was entitled to hold the same; that said warehouse receipt was issued and assigned to said Schwill by virtue of a written contract entered into by said Schwill and Darling and said Whitehead, in the fall of 1877, whereby, in consideration that Schwill would advance a large sum of money with which to repair said Darling's distillery, and furnish grain and material with which to operate said distillery, and, also, to purchase all revenue stamps for the whiskey produced at said distillery, the said Schwill was to have the entire product thereof until he was fully repaid all money so advanced and paid out by him; that at the time said warehouse receipt was transferred to said Schwill, and at the time said forty barrels were sought to be attached, Darling and said Whitehead, under the terms of said contract, were indebted to said Schwill in a sum exceeding the value of the whiskey covered by said warehouse receipt; that by reason of said statute of Kentucky the said Schwill was the

owner of said whiskey, and the same was not subject to levy and attachment as the property of said Darling.

The statute of the State of Kentucky is set out in this answer.

After issues formed the cause was tried by a jury, resulting in a verdict for the appellees, upon which the court rendered judgment.

The first assignment of error calls in question the correctness of the ruling of the circuit court in overruling the demurrer to the above answer.

It is contended by the appellant that it is no defence for Dufour to show that the property sought to be attached was not the property of Darling, against whom the writ of attachment was issued, and that it was the duty of Dufour to have permitted the sheriff to seize the property and leave the court to determine the question of ownership.

We are not inclined to adopt this view. The sheriff had no right to seize the property of Schwill on a writ of attachment against Darling. Had he done so he would have been a trespasser. It is true that in refusing to permit the levy, Dufour took the risk of rendering himself liable in the event it should be established that Darling owned the property, for then the sheriff would have been acting rightfully under his writ; but if the property was, in fact, Schwill's property, the sheriff can not be heard to complain that the appellee prevented him from committing a trespass.

The appellee was a common carrier, and an insurer of the property in controversy, and it was his duty to hold it until such time as it reached its destination unless taken from his possession lawfully. *Sherlock* v. *Alling,* 44 Ind. 184; *Pittsburgh, etc., R. W. Co.* v. *Hollowell,* 65 Ind. 188 ; *Pennsylvania Co.* v. *Poor,* 103 Ind. 553 ; *McCulloch* v. *McDonald,* 91 Ind. 240.

If it was the property of Schwill it could not be lawfully taken from his possession by virtue of a writ of attachment

against Darling. In our opinion this answer stated a good defence to the cause of action set up in the complaint.

It is also urged by the appellant that the court erred in overruling his motion for a new trial.

It is claimed that the court erred in its instructions to the jury.

The instructions are quite voluminous, and no good purpose would be subserved by setting them out here.

We have given them a careful examination, and, when taken as whole, we think they state the law, substantially, as applicable to the case as made by the evidence.

With the general verdict the jury returned answers to special interrogatories, by which it is made to appear that the facts are as set out in the eighth paragraph of the answer. The case seems to have been correctly decided on its merits.

There is no substantial error in the record.

Judgment affirmed.

BERKSHIRE, J., took no part in the decision of this cause.

