FEBRUARY TERM, 1908.    207

47 Vroom.    Mennen Chemical Co. v. Merchants E. & T. Co.

GERHARD MENNEN CHEMICAL COMPANY v. THE MER-
CHANTS EXPRESS AND TRANSPORTATION COMPANY.

Submitted December 6, 1907—Decided February 24, 1908.

When goods are delivered to a common carrier for carriage, and after
examination of the shipping directions it appears that they are
so uncertain as to render it doubtful what destination was meant,
it is the duty of the common carrier to hold the goods until the
true destination can be ascertained by inquiry.

On appeal from the Second District Court of Newark.

Before Justices VOORHEES and MINTURN.

For the appellant, *Ernest F. Keer.*

For the appellee, *Scott German.*

The opinion of the court was delivered by

VOORHEES, J.   In this suit the plaintiff claims damages
from the defendant, a common carrier, for failure to deliver
goods as directed.

On November 14th, 1906, the plaintiff requested the de-
fendant by telephone to deliver certain merchandise the next
day or the day following to the steamship "Porter." The de-
fendant undertook to make such delivery, and accordingly, on
the same day, sent six wagons and loaded the merchandise in
and upon them. As each wagon departed the driver receipted
for the load in a book which was kept by the plaintiff.   The
entry in this receipt book contained the number of cases de-
livered, the date, and the following: "S. S. 'Porter,' ft. of
34th St., N. Y., and (B) Portland, Oregon."   Six hundred
and fifty-three cases, in the aggregate, were thus receipted for
and they constitute the number of cases which it is claimed
were misdelivered.

To the driver of the wagon which took the last load, was delivered a paper, called a shipping receipt, of which the following is a copy:

"NEW YORK, Nov. 14, 1906.

"Received from G. Mennen Chem. Co., for Steamer Porter, destination, Portland, Ore., six hundred and fifty (650) cases Talc. Po., 34,300 lbs.; three (3) cases printed matter, 1,200 lbs.                "Marks—(B)

"Panama R. R. Co.,
    "Ft. of W. 34th St., N. Y."

Without making further inquiry of the plaintiff, the defendant delivered the merchandise in question, on the 17th day of November, to the Panama Railroad Company, at the foot of West Twenty-seventh street, where it appears is located the wharf of the Panama Railroad Company, and not at Thirty-fourth street. The steamship "Porter" was loading at the foot of West Thirty-fourth street, and was not connected with the Panama Railroad Company. The "Porter" sailed on November 16th, and the plaintiff had engaged space on her for the goods in question. The steamship "Advance," of the Panama Railroad Company, to which the goods were actually delivered, sailed on November 18th.

The freight charges on the "Porter," for the goods in question, were $180.46 less than the charges which the plaintiff was obliged to pay on the "Advance," for which sum the plaintiff obtained judgment in the District Court.

From the state of the case it would appear that the contract between the parties was complete by the verbal agreement and the delivery of the goods to the defendant in exchange for the receipts, and that the defendant thereby undertook to deliver the merchandise to the steamship "Porter" at the foot of West Thirty-fourth street. The appellant contends that the so-called shipping receipt embodied the whole contract between the parties and that into it all previous negotiations finally merged. This receipt was not signed by anyone, nor does it appear for what purpose it was delivered to the driver.

It is an ambiguous paper. The defendant had previously

delivered goods for the plaintiff to the steamship "Porter," at West Thirty-fourth street, and had also delivered goods to the Panama Railroad Company, for the plaintiff, at the foot of Twenty-seventh street, and thereby had knowledge, upon reading the so-called shipping receipt, that the directions therein contained could not be carried out. The defendant, however, decided to deliver and did deliver the goods to the Panama Railroad Company and not to the steamship "Porter."

When goods are delivered to a common carrier, and after examination of the shipping directions, it appears that they are so uncertain as to render it doubtful what destination was meant, it is the duty of the common carrier to hold the goods until the true destination can be ascertained by inquiry. Such was the principle laid down in *O'Rourke* v. *Chicago, Burlington and Quincy Railroad Co.*, 44 *Iowa* 526; see, also, *McCulloch* v. *McDonald*, 91 *Ind.* 240. So that whether it be considered that the contract was completed by the verbal request and the delivery of the goods to the defendant, or whether it was embodied in the paper called a shipping receipt, in either case we think the defendant is at fault.

The judgment of the District Court is affirmed, with costs.